Good morning. Welcome to the Illinois Supreme Court. Call the docket today Thursday, September 20, 2012. The first case is agenda number 22. Case number 112, 341 Ghazi Marshall, appellant versus the City of Chicago. Counsel for the appellant, please proceed. Good morning, your honors. May it please the court, I am Brian Albert Schroeder, appearing on behalf of the plaintiff appellant, Ghazi Marshall, who is present here this morning. Also present are two of the trial counsel, Leo Blyman and Donald LaBoyer. One of the other trial attorneys, Andrew Lamas, was unable to attend this morning. The definition of a decision on the merits that plaintiff proposes that this court adopt is a decision as to the respective rights and liabilities of the parties based upon the ultimate facts or the state of facts disclosed by the evidence upon which the right of recovery is based, and regardless of whether that decision is final or not. As we know, the appellate court adopted a different definition. The appellate court stated that it should be a complete determination of liability based upon the facts and evidence. As we have argued in our briefs, we believe that that position is contrary to not only rules of this court, but to the plain text of the class action statute, section 2-802. In the Barlean case, this court said that the need for individualized proofs does not bar a class action. In the Barlean case, this court said that the elemental determination that some class members may not be allowed to recover due to some individual factor, again, does not bar a class action. As we set forth in our arguments, if those considerations are the basis upon which a class action certification is based, they should inform and guide the decision and determination of what should constitute a decision on the merits. As we argued in the briefs, the class action statute is supposed to bring together common claims that are unified by a common issue. And in this case, the common issue is the legality of the city's practice of issuing fly-by violations. That was the basis upon which certification was based in conjunction with the fact that there were numerous plaintiffs, at least 210, if not much more than that, the impracticality of entertaining the appearance of that many plaintiffs in a tribunal, and the fact that these claims were, in the aggregate, very small. The individual fine for a fly-by violation is $30. The average claim of about 80 plaintiffs, as the record shows, was about $1,300, which is not enough to warrant individualized case treatment. But again, if those factors support why the class was certified in the first case, those factors should, again, guide how you define a decision on the merits. Also note, under your argument, there will not be any need for individual trials to determine if there were actually any fly-bys issued at all? No, I'm not saying that, Your Honor. Any class action is going to need to have, at some level, a determination of whether the conduct occurred to each class plaintiff. But as some of the cases have said, the Hall case and the Onyx case that we cite in the reply, the need for individualized determinations do not defeat class action. And once you determine the common questions, individual matters concerning particular plans can be resolved in ancillary proceedings. There will always have to be a determination of what was done to each individual class plaintiff. But to say that that means there will have to be a trial all the time would essentially make the class action device meaningless. Because, again, once you define or determine what the legality, the common practice, which was done here, all that's left is to decide, did it happen to the class plaintiffs as they claim, or did it not happen to them? How do you address opposing counsel's argument, which I suspect will appear that the summary judgment order entered only on the overriding legal theory that governs the case, and that wouldn't be a decision on the merits as a result of that? Well, as we argued under our definition, it is. First of all, the Lohman case from this court said that liability is a legal obligation or responsibility enforceable by civil remedy or criminal punishment. The legal obligation on the city here is to follow the state statutes and the city of Chicago's own municipal ordinances and how you serve notices of traffic violations. That was not done. The city has admitted that it did not do that. We have dispute over how often the city did not follow the statute, but the city has admitted that it does issue fly-by violations. To determine the legality of that practice, as we have argued, is a decision on the merits. It is a determination that what you did is wrong, and we think that that is a decision on the merits. All that's left then, as Hall and Onyx and other cases would say, is now decide who it happened to. And that's what Judge Siebel said when he entered his order saying that the practice was illegal. He said, I don't know how often it was done. We'll worry about that down the line. But I think that answers your question. The point is, it is a decision on the merits. It was a statement that you admit you do it. You've put forth arguments why the city said we did this because taxidermists fled, and they became confrontational, belligerent, whatever. And Judge Siebel heard those arguments, considered them, and said, you know what, the statute is what it is, and you have violated it. And we submit that that is a determination of liability. I don't know how else it could be characterized. And with that definition, with that finding, as we said in our briefs, I think on the one hand this case could be said to be extremely simple. If you allow determination as to the legality of the practice at issue, whatever it is, the common legal issue that makes this a class action, if you allow determination as a legality of that practice to then serve as a vehicle for seeking decertification, that will create an exception that will swallow the class action statute because then all defendants will do that. And it's a win-win scenario for defendants because if they file a summary judgment motion saying, we did this, whatever the accusation is against us, we've done it, but we think that it doesn't violate any statutes or anything. And if that motion is granted, then the case is over and the defendants win. And if the motion is denied, but if the court says, you know what, what you did is wrong, now the defendants will come back and say, well, you've now decided what the common legal issue is. We don't need to have a class anymore. Let's just let all these plaintiffs litigate their own individual claims. But that is antithetical to the purpose of the class action statute, which again is premised on the idea and the notion that these individual plaintiffs, it's impractical for them to litigate their individual claims. So again, to come back to where I started in the beginning, the reason you certify in the first place should guide how we define a decision on the merits so we don't have the scenario that has happened here, which is the city comes in and tries to win, which they're entitled to do. But once they make that attempt and the court says, no, what you've done is wrong, now the focus has shifted. And the plaintiff's position is, what you did is wrong, now I have to figure out how many times you did it and who were the victims of your misconduct. That's what ancillary proceedings are for under the case law, and that is a decision on the merits. This discussion is largely concerned with the first certified question, the definition of the term. The second question is, applying that definition as Michelle has set forth, is the circuit court's determination that the city's practice of issuing fly-by violations was in fact a decision on the merits? And these two have kind of blended into the discussion I've made so far. And the answer to that we submit is yes. The court, again, said what you did is wrong. And to be told your conduct is wrong, if that's not, I know it's circular, but if it's not a determination of liability, I don't know how else it could be characterized. They were found to be in violation of state statute and Chicago's own ordinances in how they served these violations on taxi cab drivers. That, again, is a decision on the merits. And instead of decertifying the class, the case should have proceeded to a determination of who were the victims of this misconduct. And, again, if you want to say that that's the same as an individual trial, well, then, again, that's going to happen in every class action statute. And I think, again, that would create a situation, an exception that would swallow the rule because that same argument can be made about every class action. At some point you've got to decide who were the victims of the alleged misconduct on the part of the defense. Somehow that has to be decided. And I know that that kind of gets into the shades of the Smith case from this court, where this court said if you're going to have individual trials as a proximate cause, that's not really a proper vehicle for class certification. But as we said in our briefs, Smith involved a trained derailment in which there was exposure to toxic chemicals. And this court said the thrust of the injuries do not come from the derailment itself, but they come from the exposure to the chemicals. And there are varying circumstances in which the various plaintiffs were exposed to the chemicals, and due to those differences in, you know, intensity of exposure, the proximity to the chemicals and everything else, that's not a proper vehicle for class action treatment. That's not what we have here. The appellate court in the S47 management case, one of the cases we cited, says if you have a common practice uniformly applied, that is ideal for class action treatment. And that's what we have here. The city admits that it issues fly-by violations. It's a common practice. How often it's done we don't know, but it's a common practice uniformly applied. The city does it. That's proper for class action treatment. And, again, if that's why we certify in the first place, it should not be then allowed to be undone by a determination down the line that the practice is illegal, but then that still lets the city or a class action defendant more generally try and avoid or do an end-run to run class certification in the first instance. The third certified question concerns the circuit court's ruling about the city's affirmative defenses of failed exhaust administrative remedies, rejudicata, the collateral attack doctrine, and the voluntary payment doctrine. And as Judge Siebel discussed at length in his order, he went through each and every one of those four affirmative defenses and said he rejected their applicability as a matter of law. He said none of these affirmative defenses bars Plaintiff Mischel's claims, and it was not because he found the existence of some question or issue of material effect. It was because he said each of those doctrines were inapplicable because of legal reasons. The city did not disclose the ability to challenge the legality of the practice of fly-by violations. The voluntary payment doctrine did not apply because the taxicab drivers had to pay under compulsion to renew their medallion licenses. The point is these determinations, while he denied summary judgment, the substance of his order was these defenses don't apply and that's it. He didn't defer ruling or say we need a further factual record to decide whether they do or do not apply. He said they don't. And again, that's a determination on the merits. And if anything, as we argued, it's a final judgment. It's a final judgment as to those defenses. The statute, section 2-802, says the class action certification is conditional and can be amended before a decision on the merits. As Rozalowski, the appellate court first district decision, made clear, a decision on the merits is something less than a final judgment. And that's based upon the text of the statute. It is based upon the patterning of 2-802, the term decision on the merits, after the counterpart in the Federal Rules of Civil Procedure and is based, as Rozalowski noted, on the fact that the Federal Rule was changed from decision on the merits to final judgment, but the General Assembly here did not make the corresponding change to section 2-802. And as Rozalowski noted, that means that decision on the merits under our statute is not the same thing as a final judgment. Can you break down for us what you believe is the difference between a decision on the merits and a final judgment? And that's my larger question. My specific question, too, is you said that the rejection of affirmative defenses were, and then I'm not sure, did you say was a, I thought you said that was a final judgment, or did you say that was a decision on the merits? In other words, these terms certainly sound very similar. So I'm going to probe you a little bit more and ask you to try to draw a distinction between the definition of one from the other. Okay. I did say that Judge Siebel's rejection of the city's affirmative defenses was a final judgment. I did say that. Could that be appealed? If there was a 304A finding, certainly, but there was none. A rejection of a defense could be appealed pursuant to 304A because it's a claim? The affirmative defenses are, yes. Are claims? I think they are, yes. Because 304A deals with appealability of final judgments when there are multiple claims. You're saying a defense is a claim. Well, maybe I should backtrack. What he did is he ruled that these claims did not apply. I do think that's a final judgment because he said your ability to raise them is effectively extinguished. You cannot ‑‑ he foreclosed any possibility that they could be applied in the future. That's what he did. He said these defenses you're raising as a matter of law don't cut it, and they do not defeat the plaintiff's claims. So what he did is he ‑‑ I think he entered a judgment to that effect, that these defenses don't apply. He ruled on the substance of those claims. He didn't say there's a question of fact that I need to decide or that precludes me from saying rejudicata or collateral attack doesn't apply. He said based on the facts I have, I can tell you these defenses don't count. That is ‑‑ is it a claim in a sense? It's an affirmed defense. So is it a claim? Perhaps not. But he entered a ruling that foreclosed the application of that defense. That has to be ‑‑ How is there a difference between a final judgment as a very nuanced term of art, which is obviously what you and I are discussing there, and the idea of a decision on the merits? How do those two ideas relate? They sound like they should be the same thing, or maybe they don't. So can you help me understand the difference? Yes, a final judgment, if we say there was just a singular plaintiff, say Ghazi Mishal was a singular plaintiff, there was no class action, he files a lawsuit and there's a trial, and the court says you received 10 fly‑by violations improperly, they're $30 each, judgment entered for you for $300, plus whatever cost you may have incurred in defending against them. That is a traditional final judgment. A relief is ordered, a determination of improper conduct is made, and some sort of remedy, be it monetary or injunctive, is issued. That's the common definition of the term. A decision on the merits is different. As Rozalowski noted, it does not need to be final, and to use the example I've been making so far, the example would be what Judge Siebel did when he said the issuance of fly‑by violations violates the law. That's a decision on the merits because he considered the facts as they were at the time, that the city's admission that it did this, the evidence submitted in the Third Amendment complaint alleging that this practice occurred to various taxi drivers, the affidavits of counsel, and some of the taxi drivers that were submitted in support of the motion, those things were considered. So the judge made a factual determination as to what the city was doing, whether it was right or wrong. He did not take the second step of saying, okay, now it happened to a class plaintiff, 10 and 30, but not to the others. But that is how I would differentiate between a decision on the merits and a final judgment. Does it make any difference that the motion before the court was a motion for a summary judgment versus a motion for summary judgment? I do not think so. First of all, how you style a document should not control over its substance. And I think if you look at that motion, what it asked for, what it sought, it sought a determination of liability. And the motion that was drafted by counsel explicitly said, we're not seeking a determination or a finding as to how many times this practice happened. We just want to get a determination that it was illegal. A determination of liability. Yes. What they did was wrong. Again, under Lowman, and I think under our definition of the term, if some court says what your conduct is wrong, it violates the law, that's a determination of liability. You now have done something wrong, the question then becomes, what do we do about it? Who suffered from your wrongful conduct? But that's how I would differentiate between a final judgment and a decision on the merits. Was it what you did was wrong, or if you did it, it was wrong? Well, that's a good point, Your Honor, because the city admits it did it. It's not as if the city came in and took a position in responding to the motion for partial summary judgment saying, we don't do this, we don't know what you're talking about. The city admits it did it. They've admitted it consistently in the responses filed in the circuit court, in their papers in the appellate court, Lieutenant McMahon's deposition that's in the supplemental supporting record, and this court. They have always said, we do do this. But what they say is, we don't do it a lot, and we only do it because these taxi drivers flee the scene or become abusive. But they say we do it. So this is not an abstract determination, do they do it or not? They admit they do it. The only question really is, who did you do it to? And as our complaint sets forth, they've done it to taxi drivers. Their liability extends to this class. What needs to be determined is how many members of the class were victims of this misconduct. And that's what the ancillary proceedings called for in Hall and Onyx say, and that's what I think the purpose of the class action statute is all about. Once you decide they did something wrong, now we've got to figure out who suffered from it. And you should not splinter a class action. You should not define decision on the merits in a way that allows a defendant to come in after a determination of the illegality of their conduct to say, let's not break this thing up, we don't need it anymore. It's still needed. Back just for a second to Justice Tice's questions on affirmative defenses. Are you saying every determination on an affirmative defense, it would be a decision on the merits, or is it the nature of these affirmative defenses? It's the nature of these, Your Honor, because, again, what the city did is filed a motion for summary judgment regarding its affirmative defenses. And generically speaking, the denial of a motion for summary judgment is usually based on the presence of an issue of material fact. In the abstract, I would say no. But here, Judge Siebel went through in detail in his order, about three or four pages in the record, explaining why none of these defenses ever could apply. Not just that they didn't or that he wasn't sure they could not ever apply, is what he said. And that makes that ruling a decision on the merits. The city was coming forward with some affirmative theories as to why it could do what it did or why the complaint did not have merit. And Judge Siebel said, no, none of this counts. That's why we submit that those decisions are, that ruling is a decision on the merits. The last question, I'm running out of time, the last certified question concerns the statute of limitations issue. That also is a decision on the merits because what the judge did, what Judge Palmer did, now Justice Palmer did, is he ruled that the five-year statute applied versus the one-year statute. He, again, adjudicated rights of the parties. He had entered a judgment because he, in fact, dismissed certain claims. Everyone's claims prior to September of 1995 were dismissed on limitations grounds. That is a final judgment. There was no 304A finding for that, but that is a final judgment. He adjudicated rights and dismissed claims. That is a final judgment. Thank you. Thank you, Mr. Schroeder. Counsel for the appellee, please. Good morning. I'm Suzanne Lose, Assistant Corporation Counsel. I represent the City of Chicago. May it please the Court. This case presents four certified questions, the first of which asks what is a decision on the merits, and the remaining three asking the Court to apply that definition to three specific partial summary judgment rulings in order to determine whether each was a decision on the merits that cut off the time for the Court to entertain an amendment to the class. This morning I will explain that a decision on the merits requires a determination of liability based on the ultimate facts, and that none of the three partial summary judgment rulings amounts to a decision on the merits, and also how alternatively, even if they were, those decisions did not cut off the time for decertification with respect to the remaining issues. Beginning with the definition, the appellate court defined a decision on the merits to be a decision in which there must be a complete determination of liability on a claim based on the facts disclosed by the evidence. We submit this is not really much different than plaintiff's formulation, at least when you look at the verbiage. Mr. Mishaw would define decision on the merits as a decision that decides the whether a decision is final or non-final. To be clear, we do not disagree with the assertion that finality is not required for there to be a decision on the merits, and nor did the appellate court. It is something less than final judgment, but not everything less than final judgment. Mishaw argues the appellate court has merely engaged in a semantic recasting of finality, but the court could not be more clear that it was separating a decision on the merits and finality when it explained on page 8 of its opinion that a decision on the merits requires a determination of liability while a final judgment will include that plus a determination of remedies. This comports with the explanation in the Federal Committee comments of Federal Rule 23 during the period which the committee was changing from the term decision on the merits to final judgment in order to make clear in Federal court that a de-certification, an amendment to certification could occur all the way up until final judgment, even during the damages phase. Illinois statute does not make that final judgment the cutoff, but it does allow amendment all the way up until a determination of liability. And as a practical matter, it seems clear that the point of setting the cutoff at decision on the merits is so that certification will be settled before all the litigation that could be saved or properly managed by such a ruling has already occurred, and so that amending certification won't take away rights that have already been established. And that was the point in the appellate court's decision in Rosolowski where there had been a whole jury trial and a verdict, and judgment entered on that verdict when the de-certification motion was filed. And granting it meant a do-over after liability had been established. As I will next explain in addressing each of the partial summary judgment rulings, that's not the situation here. There was no liability determination that would be undone because there still needed to be a specific trial with respect to each of the tickets before the city's liability could be determined. But isn't that true in every class action? I would submit that is not necessarily true in every class action. There will usually be individual questions to be decided, but sometimes in a summary judgment ruling, the court will be able to determine liability, both not just the legal issue, but also with respect to the defendant's conduct vis-à-vis at least one of the members in the class. But here, when you look at the circuit court's summary judgment ruling, Mr. Michal says that ruling did grant summary judgment on liability, but you can comb that order and not find where the court declares the city is liable to anyone. The court decided the legal issue and announced that it makes no declaration as to the remaining issues, including the number of fly-by tickets. There was no liability sentenced down by that ruling. Mr. Michal combines two things to suggest otherwise. The city's admissions about when it has issued flying tickets and that this court determined that issuing flying tickets under any circumstances is illegal under the vehicle code and municipal ordinance. It's important to stop and examine what those admissions were, what Lieutenant McMahon's testimony was and what it was not, to understand why it did not necessitate and, in fact, did not lead to a finding of liability. Lieutenant McMahon's testimony included testimony that traffic control aids, policy of the city, to serve tickets by hand or on the vehicle unless the driver becomes confrontational or when a motorist flees before the traffic control aid can affix a ticket. She was not testifying about any particular tickets when she discussed that policy. And this is not a class of fleeing or confrontational motorists. It is a class of taxi drivers who said they received flying tickets. The plaintiff would still need to show evidence of taxi drivers who were fleeing or confrontational in order to show that they were in the group that Lieutenant McMahon acknowledged ticketing. And they didn't show that at summary judgment. At summary judgment, none of the taxi drivers said in their affidavits that they were confrontational or fleeing when they were issued tickets. So there has to be some indication of that there is liability as to a specific individual or specific class member in order for there to be a decision on the merits? Is that what you're saying? You would need a determination that there is liability, that the city engaged in the wrongful conduct that renders it liable to a class member or a group of class members. But here that couldn't happen precisely because you need these individual trials essentially to determine whether or not the city would be liable. I thought you said the city did admit to, or opposing counsel said the city did admit to having done this, but not in a specific situation. That if somebody was confrontational and was fleeing, they did mail the tickets. To motorists in general and the general population. This is a class of taxi drivers who say that they were issued flying tickets and also in their affidavits said that they weren't fleeing. They didn't mention whether they were confrontational, but they certainly have not put together evidence that the taxi drivers did not link themselves to this group of fleeing and confrontational motorists that the city acknowledged it would, in rare circumstances, issue flying tickets. I mean, those are the rare circumstances. Can't you assume that if they did get one of these tickets and it wasn't affixed to the car, it wasn't personally served, that they would be in the class? If they said they got a ticket? Well, sure, but you would need evidence of that, and that's the point. You would need a trial to determine. Of course, they have a large number of taxi drivers who say that's exactly what happened. But our position is that while we need to have them testify and be cross-examined, you know, a trier of fact might not find them credible, there are plenty of reasons to question the credibility of these taxi drivers, and we do know that the city's policy does not extend to that breadth. Ms. Luce, how do you address plaintiff's argument that there were no affidavits to rebut the fact that there actually were flybys? And I believe the argument goes on to say that's the only way they could be rebutted. Well, that would ignore that what we argued was that those affidavits were not admissible because they were self-serving statements, and we also pointed out a host of reasons to call into question the witness credibility. The witnesses simply signed boilerplate affidavits without specifics, and often in their depositions they said they couldn't remember. And these witnesses would need to testify and be cross-examined because a fact finder would be. . . So your position is that there is deposition testimony to rebut these affidavits? I'm referring to their own deposition testimony that not all of them were deposed, of course, but there were reasons within, you know, some 20 of the taxi drivers who were deposed to question their credibility when they couldn't remember what happened on the date. In one instance, one of the taxi drivers couldn't explain why many of the tickets were issued in front of his house, those sorts of things. And so we submit a fact finder would not be required to accept their testimony if they were cross-examined and deemed not credible. Did the tickets have a postmark on them? Would that be indicative of them receiving it by mail? Well, a second notice is usually sent by mail as well, even when taxi drivers are hand-served. But, of course, whatever evidence. . . Of course, we don't dispute that the taxi drivers would have some evidence on the table to show they were issued flying tickets. But we would be free to cross-examine, perhaps put on a traffic control aid for any particular ticket to determine whether or not that. . . There's a big divide between what the taxi drivers say happened here, a common practice, widespread, and what we say happened. Very rarely when the traffic control aid was writing out the ticket and the motorist fleed. And we need those individual trials to determine exactly what happened. And most important for present purposes at this juncture, the issue is the scope of the circuit court's ruling and not whether it was correct on these issues. And the court agreed with the city. The judge declined to rule that any of the more than 200 affidavits were issuing flying tickets based on the undisputed evidence. And Mr. Mischel argues that because individual proofs will not necessarily bar class action, they should not preclude characterizing the summary judgment ruling as a decision on the merits. The individual proofs sometimes do bar class certification under the statute when they predominate over the common questions. And individual proofs may or may not be necessary to establish liability in a given class action. There may be a liability before individual evidence is taken, for example, when it is in fact uncontested that the defendant engaged in certain conduct that injured an identifiable group, such as perhaps a fee charge to a particular group of customers or a letter written with a particular misstatement in it that the defendant acknowledges sending to customers that is an alleged fraudulent misrepresentation. The court could determine the fee or the statement in the letter is illegal and there may be a finding of liability that leaves identification for later. But here, there must be a credibility and other determinations before we can know that any liability attaches to the city towards any of these plaintiffs before that can be made. Why isn't that just a part of the ancillary proceedings? In other words, there's a conclusive effect to finding that this practice is illegal. Then you have the ancillary proceedings, and these people have to show they fit within that group in order to recover, and if they prove it, then there's damages, and if they don't prove it, they don't get anything. It would be a part of the ancillary proceedings, but sometimes the ancillary proceedings can be deciding liability and sometimes it can be just damages. Here, you would need that to show liability at all, and that's exactly when is a good time to take a step back and examine whether the class certification standards are met, because you're looking forward to hundreds or, by plaintiff's estimation, potentially thousands of trials that would be these, you know, quote, unquote, ancillary proceedings. I don't think just couching this in terms of ancillary proceedings really, I think still the question needs to be whether liability has been determined before we know whether there's been a decision on the merits that cuts off the court's ability even to assess whether or not this should properly proceed as a class action. So whether the judge was right or wrong in the summary judgment ruling, the key inquiry here is what did the judge leave open for trial, and did he decide liability, and the answer to that question is no. He left open whether the city would be liable to any of these taxi drivers, and so there is no decision on the merits by that ruling. And next, Mr. Michaud argues that the summary judgment ruling rejecting the city's affirmative defenses is also a decision on the merits. Those affirmative defenses were failure to exhaust administrative remedies, race judicata, collateral estoppel, and voluntary payment. That ruling, of course, meant those defenses were foreclosed to the city, but it did not eliminate all defenses, and so it did not establish liability. The city still had the same basic defense left for every plane that the flying tickets were not, in fact, issued to the particular drivers. So the rejection of the city's affirmative defenses did not decide the party's rights and liabilities either. Mr. Michaud also argues that the partial summary judgment ruling eliminating claims before 1995 based on statute of limitations is a decision on the merits. This Court's decision in Downing makes this fairly straightforward. A summary judgment ruling on a statute of limitation grounds is not considered on the merits because the merits of the action are never examined. In fact, in the context of a class action litigation, the statute of limitations ruling was, in effect, simply itself a redefinition of the class, not reaching the merits of the alleged illegal misconduct, but shaping who can be in the class. And the idea is that sometimes there are technical or procedural barriers to liability which are not based on the evidence or elements of the claim about the wrongful conduct in the case. In other words, this Court has placed a statute of limitations ruling in the category of decisions based on formal, technical, or dilatory objections which is excluded from the definition of decision on the merits, which is discussed in Fraley, a case that both of the parties cite in their brief. Next, turning to our alternative ground to answer the latter three questions in the negative, if this Court concludes that any of the summary judgment rulings are decisions on the merits, we submit that the Circuit Court was nevertheless free to amend certification for issues not yet resolved. Section 2802 should be interpreted in light of the statute as a whole, considering its purpose, and to prevent absurd results. Under Section 2802, we know that a case can be certified as to some issues and not certified as to others, and Section 2802 is a rule that allows for flexibility when you have a mixed bag, some issues appropriate for class treatment while others may not be. On plaintiff's reading, on the other hand, that would mean a judge could not issue anything but routine rulings on procedural matters in between a certification order and a motion to amend certification, not on purely legal questions, not on partial summary judgments that eliminate claims or narrow the class. Any type of ruling on summary judgment motions according to the plaintiff takes amending certification off the table, no matter how informative the evidence adduced or the rulings on those motions inform the class certification question, and no matter how clear it becomes that individual questions predominate over common ones. And this makes sense as a practical matter because it's the rulings along the way that shape and define the issues for trial and shed light on where there are and are not disputed issues of individual questions of fact. A judge has a lot more information after some discovery and summary judgment proceedings than in the early stages of the case. To cut off even the possibility of amendments so early would eviscerate the flexibility Section 2802 is meant to give and force the courts to waste an inordinate amount of resources on trials, even if it is clear the class certification prerequisites are no longer met. If there are no further questions, we do urge this court to adopt the same definition as the appellate court, the same definition of decision on the merits, and to answer the other certified questions in the negative. Thank you. Thank you, Ms. Lose. Rebuttal, if any. Thank you, Your Honor. I'll pick up where Ms. Lose left off. Flexibility under Section 2802, the General Assembly drew the line at decision on the merits. It is not the city's province to define decision on the merits the way it wants. Decision on the merits has to be defined the way it's intended to be defined under the law, under Barley and Steinberg, as I've discussed, under Hall and Onyx in the sense of ancillary proceedings, and under the Federal Rules of Procedure and how that was amended, but 2-802 was not amended, which counts for something, which Ross Olowski recognized and which we point out in a reply, again, by citing two Federal Court of Appeals cases that say a finding of liability and remands for determinations of individual damages or individual class eligibility are decisions on the merits that preclude amending or decertifying a class. The city doesn't like that result. It doesn't have to, but it must respect the fact that that's what the General Assembly wants, and unless and until the General Assembly changes the definition and changes Section 2802, that's where the line is drawn. That's what legislatures do. They draw lines. How do you respond to the city's argument that reading that you're espousing would eliminate the Court's ability to consider whether common issues continue to predominate over individual, even when there may be hundreds or a number of other questions that might arise before liability is actually established? There is obviously a need for some flexibility in the class action device, but there's got to be a cutoff point that the General Assembly has drawn. We are not saying that any summary judgment ruling will bar decertification. What we are saying is this summary judgment ruling, saying that what the city did was wrong, does bar decertification. The denial of summary judgment motion probably would not because it isn't deciding any rights. Had the judge said there's questions of fact about this or that, that would not be a decision on the merits. There is flexibility. I understand the need for that. The class plaintiffs do. The council do. We understand that. But at some point it has to stop because that's what the purpose of 2-802. The defense can file motions before certification if it wants to. This motion regarding legality of city's practice, they could have filed their own motion before the class was certified. The point is somewhere you have to have a demarcation where the class has to be set and it goes forward wherever that takes you. And here, once the court decides what the city has done is wrong, we submit that's the demarcation line. The city has been determined to have broken the law. If that isn't liability, I mean, again, I'm being circumvent, I don't know what is. What would you call it if it's not a determination of liability? It's not an abstract hypothetical finding because the city has admitted it does this. On the bottom of page 8 of our appellant's brief, we quote from the city's response to the summary judgment motion that was filed in the circuit court. And it says, quote, enforcement personnel are directed to make every effort to hand serve these notices and in the rare case when they do it, in the rare case when it can't be done, it's not. But then it says this written practice has been communicated to all police personnel by a written order. That's not a rare occurrence, at least where the plaintiffs sit. And with all due respect to Lieutenant McMahon, we don't have to take her testimony at face value either. The plaintiffs are free to say, you know what, this is a revenue generating device. And these traffic control aides are sent out with quotas and are told to do what needs to be done. So to say it's rare isn't germane necessarily to this proceeding, but the practical reality is the plaintiffs think this is a lot more extensive than the city is willing to admit. And we don't have to take Lieutenant McMahon at face value. Individual determinations will need to be made. But again, as your honors have pointed out, as we have argued, that happens, that's inherent in every class action. Somewhere someone has to decide, did it happen if there's 200 class plaintiffs, did it happen to all 200? If there's 2,000, did it happen to any or all or some of the 2,000? That's nothing remarkable. So for the city to say we want to challenge their credibility, we want to cross-examine them, they're going to do that anyway. And they were going to do that from the day the suit was filed. That hasn't changed. There are no new circumstances that make this any different. The desire for flexibility, again, is admirable. And to an extent, the plaintiffs agree with it. But again, there must be a point where it stops. And that's what 2-802 is all about. That's what decision on the merits is all about. It's the decision, the definition we are advocating is consistent with this Court's own rulings. It's consistent with Rozalowski. It's consistent with how the General Assembly did not act after Rule 23 was amended, Federal Civil Procedure 23 was amended. It's consistent with all that authority and all that the legislature is in action in not amending 2-802. That has to account for something. And we submit that the General Assembly's fair to amend 2-802 kind of controls this case. Because when you look at that and then you look at the authority we've cited and the Court of Appeals decisions that say under Rule 23, a ruling of liability is a decision on the merits that bars decertification, we think that that's the beginning and ending of the case. On top of the other Illinois cases we've cited about ancillary proceedings and how the purpose of class action is to bring in plaintiffs who don't have an individual cognizable cause of action that practically can be advanced. I said this in the appellate court. I'll say it here. Even if you take the average of $1,500, how many attorneys are going to take a $1,500 case and litigate it against the City of Chicago when we know we're going to have all these affirmative defenses raised and it's going to be a long, drawn-out ordeal? Practically speaking, these plaintiffs are going to have no real recourse at all. That in and of itself should not drive the outcome of whether this is or is not a decision on the merits, but it has to be part of the analysis that this Court considers in deciding what is a decision on the merits. It is consistent with the purpose of the statute. It is consistent with the case law and the federal counterpart to say that a determination that your conduct is wrong is a decision on the merits. More broadly speaking, how do we define that term beyond that particular circumstance which is present in this case? The definition we propose, we believe, does that. It is patterned after the region of Chicago. How do we take into account the fact that there are some individual plaintiffs that if they have to proceed forward, they proceed on a $1,500 case against the City of Chicago when what this Court rules with respect to decision on the merits won't only affect this case, right? And most probably will be used in other cases outside of the class action context, won't it? Are you asking what happens if a new class? You said to take into account the fact that a number of cases won't be brought, most likely because of the expense involved and the ultimate outcome of the case. Correct. And you said we should take that into account maybe to a lesser extent in deciding what a decision on the merits is. Well, whatever we say with respect to this certified question with respect to what a decision on the merits is going to affect a lot of other cases and most likely will be used outside of the context of class action cases and whether to decertify a class or not, right? I don't know if it would be used outside the context of class action cases. If you answer the certified questions, you're defining this term under the class action statute. I think practically... You don't think that a pronouncement from this Court on what a decision on the merits is might be used in other contexts? It could possibly be used in a re-judicata context because both the city and the plaintiffs and the appellate court below agree that re-judicata case guides the analysis. But I would not be... Would it be used? I would use it if I was an attorney in a re-judicata context or something else. But then I would expect that whatever court I raise it in front of would say, okay, well, there's some subtle differences between class action cases and re-judicata cases that while I can pattern and look for similarities, I don't have to do this in some sort of blind lockstep fashion and say what the Supreme Court and Michelle defined as decision on the merits in the class action context defines that term everywhere else as well. I think that there are differences between re-judicata case laws certainly and this class action context, and those subtle differences can be worked out in other cases down the line. But I don't think that should be something that should be an impediment to this Court saying, in light of the purposes of the class action statute, this is how we define the term here. And if the General Assembly doesn't like it, they'll change it. And that's something that should be considered and remembered as well. In re-judicata context, that's all court defined. That's a common law doctrine. That's what this Court and the appellate courts do. If the General Assembly doesn't like how you define the term, they'll change it. And that's their prerogative because they've already set forth the term. We're just construing it. You're being asked to construe that term. I think one of the justices asked very quickly about whether we can assume that the taxidermists were members of the class. I think that's eminently fair to assume, and I think it is, in fact, something that the Court considered when it ruled upon the motions because that was alleged in the pleadings. And under our definition, facts disclosed by the ultimate facts or state of facts disclosed by the evidence, whether it be the pleadings or evidence submitted in motions, is proper to consider. And therefore, these people are in the class. The city alleges it issued flybys only. They're in the class. Thank you very much. Thank you. Case number 112341, Ghazi Mashal. Appellant versus the city of Chicago et al. Appellees is taken under advisement as agenda number 22. Mr. Schroeder, Ms. Los, we thank you for your arguments today.